UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cr-201-MOC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| DANIEL DWAYNE WOOD, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Indictment. (Doc. No. 38). The Government has responded in opposition to the motion. (Doc. No. 39).

I.   BACKGROUND AND DISCUSSION

Defendant is charged in a one-count Bill of Indictment with possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1). (Doc. No. 1). Defendant asks this Court to dismiss the indictment against him, arguing that Section 922(g)(1) has been rendered unconstitutional under the Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022).

Defendant's argument fails. As the Government correctly argues, Bruen did not call into question the constitutionality of longstanding federal laws barring certain categories of non-law-abiding individuals from possessing firearms recognized in District of Columbia v. Heller, 554 U.S. 570 (2008), and McDonald v. Chicago, 561 U.S. 742 (2010). See Bruen, 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm[,] . . . [n]or have we disturbed anything that we said in Heller or McDonald . . . about restrictions that may be imposed on the possession or carrying of guns."); id. at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("Properly interpreted, the Second

1

Amendment allows a 'variety' of gun regulations," including the 'longstanding prohibitions on the possession of firearms by felons' [discussed in Heller and McDonald]." (quoting Heller, 554 U.S. at 626)). Nor did it abrogate the Fourth Circuit's binding post-Heller decisions in United States v. Moore, 666 F.3d 313 (2012), and United States v. Pruess, 703 F.3d 242 (2012). For these reasons, this Court denies Defendant's motion to dismiss.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment (Doc. No. 38) is **DENIED**.

Signed: February 29, 2024

Max O. Cogburn Jr
United States District Judge

---

[1] In support of his argument that Bruen has rendered Section 922(g)(1) unconstitutional, Defendant relies on the Third Circuit's decision in Range v. Att'y Gen., 69 F.4th 96, 106 (3d Cir. 2023) (en banc), and several district court decisions. Fourth Circuit precedent, of course, controls and compels a finding in this Court that Bruen did not invalidate Section 922(g)(1).