UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CR-00201-MOC-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DANIEL DWAYNE WOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Government's unopposed motion to bifurcate trial to present proof of prior convictions. (Doc. No. 44). Because, as the Government admits, its positions is foreclosed by binding circuit precedent, United States v. Brown, 67 F. 4th 200, 201 (4th Cir. 2023), the Court must deny the Government's motion.

In February 2024, a grand jury sitting in the Western District of North Carolina charged Defendant by indictment with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and a sentencing allegation under 18 U.S.C. § 924(e). (Doc. No. 43). If convicted, Defendant faces enhanced penalties under the Armed Career Criminal Act ("ACCA") because he was apparently convicted of three or more violent felonies or serious drug offenses committed on different occasions. 18 U.S.C. § 924(e)(1).

It is Department of Justice policy that the § 924(e) recidivism enhancement presents mixed questions of law and fact that require a jury finding, and thus a bifurcated trial. (Doc. No. 44 at 2). That policy is based on the Supreme Court's recent decision in Wooden v. United States, 142 S. Ct. 1063 (2022), which held that the different occasions inquiry is a "holistic" and "multi-factor" one. (Id.). Based on the Court's holding in Wooden, the Department "now takes

1

the position that whether prior offenses were committed on occasions different from one another falls outside of the Almendarez-Torres exception and therefore should be submitted to the jury or admitted by the defendant." (Id.).

In Almendarez-Torres v. United States, 523 U.S. 244 (1998), the Supreme Court held that the facts supporting a recidivism enhancement are resolved by the district court during sentencing. In United States v. Thompson, the Fourth Circuit applied the holding of Almendarez-Torres to § 924(e), and concluded that "district courts may, consistent with the Constitution, use information 'found in conclusive judicial records' to determine at sentencing that the defendant has three qualifying convictions committed on different occasions, thus triggering the ACCA enhancement." Brown, 67 F. 4th at 201 (quoting Thompson, 421 F.3d 278, 285–86 (4th Cir. 2005)). More recently, the Fourth Circuit expressly concluded that the Supreme Court's decision in Wooden did not narrow or overrule Almendarez-Torres. (Id.). Thus, the Government's request to bifurcate trial is—as the Government admits—directly foreclosed by binding circuit precedent. (Doc. No. 44 at 2).

This Court is bound by the Fourth Circuit's decision in Brown. Thus, the Court has no choice but to deny the Government's motion.

*signature*
Max O. Cogburn Jr.
United States District Judge